# BENJAMIN ELMER SMITH v. STATE OF MARYLAND

[No. 528, September Term, 1969.]

*Decided August 13, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Basil Wadkovsky* for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Wil-*

liam Parsons Fennell, State's Attorney for Kent County, on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Benjamin Elmer Smith, was convicted on November 25, 1969 in the Circuit Court for Kent County by a jury, Judge George B. Rasin presiding, of contributing to the delinquency of a minor. Appellant was sentenced to one year in the Kent County Jail. On appeal he contends only that the trial court erred in trying him under Md. Code, Art. 26, § 70-2 (a) (7) instead of under Md. Code, Art. 27, § 401.

Maryland Code, Art. 26, § 70-2 (e) (3) states: "In any case within subsection (a) (7) of this section, the defendant shall have the right to elect to be tried in either the juvenile court or in the criminal court, according to the usual criminal procedure." Article 26, § 70-3 (a) (7) states: "The [juvenile] court has exclusive original jurisdiction [t]o try any person who has reached his eighteenth birthday, for any willful act or omission causing a child to be adjudicated neglected, delinquent, or in need of supervision." Appellant was charged under Art. 26, § 70-2 (a) (7) of causing Edwin Dale Calder to be adjudicated a delinquent child. The charge arose out of appellant's furnishing alcoholic beverages to Calder, a minor. Prior to trial appellant made an election under the provisions of Art. 27, § 70-2 (e) (3) to be tried in the criminal court. He then filed a pretrial motion to dismiss the information on the ground that having elected to be tried in the criminal court rather than in the juvenile court he could no longer be charged under the juvenile statutes. His motion was denied and he reasserts the same argument on appeal. He contends that he should have been tried under the criminal law, Art. 27, § 401, which prohibits any person from obtaining any spiritous or fermented liquors for any minor or person under twenty-one years of age.

We think the appellant misconceives the purpose of

Art. 26, § 70-2 (e)(3). We view this section merely as providing an alternate forum to a defendant charged with contributing to the delinquency of a minor. It does not allow the defendant a choice of charges, merely a choice of forums. The charge of contributing to the delinquency of a minor is a substantially more serious charge than that prohibited by Art. 27, § 401. The conduct of the defendant in this case has caused the minor to become adjudicated a delinquent, a result which does not automatically flow from action resulting in a conviction under Art. 27, § 401. Appellant seemingly overlooks the fact that there are actions which would constitute punishable actions under Art. 26, § 70-2 (a)(7) which are not covered by the provisions of Art. 27. The purpose of Art. 26, § 70-2 (a)(7) is to protect the minor and to punish those who cause minors to become societal problems. We find no indication in Art. 26, § 70-2 (e)(3) that the legislature desired that the election provided therein apply to the charge as well as the court of competent jurisdiction. Therefore we find that the action of the trial court in denying the motion to dismiss the information and in trying appellant under the juvenile statute was proper.

*Judgment affirmed.*